**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

GRANT EVERETT GLOVER,

          Petitioner,               Case No. 2:26-cv-11343

v.                             Hon. Brandy R. McMillion
                                   United States District Judge

ERIC RARDIN,

          Respondent.

_____/

## OPINION AND ORDER SUMMARILY DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS

This is a habeas case brought pursuant to 28 U.S.C. § 2241. Petitioner Grant Everett Glover ("Petitioner"), confined at the Federal Correctional Institution in Milan, Michigan, has filed a *pro se* petition for a writ of habeas corpus challenging a determination by the Federal Bureau of Prisons ("BOP") that he is ineligible to receive federal sentencing credits under the First Step Act ("FSA"). ECF No. 1. Petitioner pleaded guilty to one count of interference with commerce by robbery ("Hobbs Act Robbery") in violation of 18 U.S.C. § 1951 and one count of using, carrying, and brandishing a firearm during or in relation to a crime of violence ("924(c) Firearm Offense") in violation of 18 U.S.C. § 924(c)(1)(A), in the United States District Court for the Northern District of Texas. He was sentenced to

consecutive terms of 156 months in prison and 84 in prison on those convictions, respectively, with three years of supervised release.  *See United States v. Glover*, No. 3:14-cr-00154-D (N.D. Tex. 2014) (Judg., ECF No. 34).  Petitioner has a current projected release date of October 19, 2031.  *See* BOP Inmate Locater, https://www.bop.gov/inmateloc//index.jsp (last accessed April 27, 2026).

## I.

Promptly after the filing of a habeas petition, a federal court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243 (directing courts to grant the writ or order the respondent to answer "unless it appears from the application that the applicant or person detained is not entitled thereto"); *Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001) (discussing authority of federal courts to summarily dismiss § 2241 petitions).  If, after preliminary consideration, a court determines that the petitioner is not entitled to relief, the court must summarily dismiss the habeas petition.  *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has duty to "screen out" petitions that lack merit on their face).

A dismissal under Rule 4 is appropriate for habeas petitions which raise legally frivolous claims, as well as those which contain factual allegations that are

2

palpably incredible or false.  *Carson v. Burke*, 178 F.3d 434, 436-437 (6th Cir. 1999).   After undertaking such review, the Court concludes that the habeas petition must be summarily dismissed.

## II.

Petitioner challenges the BOP's determination that he is ineligible to receive credit toward his federal sentence under the FSA.   The BOP found him statutorily ineligible to receive FSA credits due to his 924(c) Firearm Offense because the BOP aggregates consecutive sentences.   Petitioner challenges that decision asserting that the aggregation of his sentences is erroneous.   ECF No. 1, PageID.9-10.

Under the FSA, federal prisoners who successfully participate in recidivism-reduction programs are entitled to receive credit toward early release or pre-release custody.  *See* 18 U.S.C. §§ 3624(g), 3632(d)(4).   Certain categories of prisoners, however, are categorically ineligible to receive those credits due to their offense of conviction.  *See* 18 U.S.C. § 3632(d)(4)(D).   As relevant to this case, the statute specifically includes unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime in violation of 18 U.S.C. § 924(c) as one such disqualifying offense.  *See* 18 U.S.C. § 3632(d)(4)(D)(xxii); *Keeling v. Lemaster*, No. 22-6126, 2023 WL 9061914, *1 (6th Cir. Nov. 22, 2023) (citing statutory provision); *Andrews v. Rardin*, No. 2:24-cv-10994, 2024 WL 3236249, at *2 (E.D. Mich. June 28, 2024) (citing *Keeling*).   Hobbs Act Robbery qualifies as a

3

crime of violence under 18 U.S.C. § 924(c)(3)(A).  *See, e.g.*, *United States v. Lockett*, No. 15-20010-3, 2017 WL 4163644, at *2-3 (E.D. Mich. Sept. 20, 2017) (discussing relevant law and denying motion to correct sentence).

Petitioner acknowledges that he is ineligible to earn FSA credits toward his 924(c) Firearm Offense, but he believes that he should be able to earn FSA credits toward his Hobbs Act Robbery sentence (which he states is not a disqualifying conviction).  He contends that the BOP is improperly aggregating his federal sentences to deny him FSA eligibility.   He is mistaken.

Federal law provides that "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment."   18 U.S.C. § 3584(c).   "Although multiple terms of imprisonment are not aggregated in all contexts, aggregation is explicitly applicable in the administrative context of consolidating a prisoner's consecutive sentences."  *Martinez v. Rosalez*, No. 23-50406, 2024 WL 140438, at *3 (5th Cir. Jan. 12, 2024).   Additionally, the United States Court of Appeals for the Sixth Circuit has specifically ruled that "the calculation of a prisoner's sentence, and the awarding of credits that reduce the length of that sentence, 'are administrative functions of the BOP subject to § 3584(c).'"   *Keeling*, 2023 WL 9061914, at *1; *accord Teed v. Warden Allenwood FCI Low*, No. 23-1181, 2023 WL 4556726, at *2 (3d Cir. July 17, 2023) (per curiam), *cert. denied*, 144 S.Ct. 873 (2024) ("Calculation

4

of an inmate's term of imprisonment is widely recognized as an 'administrative purpose' well within the BOP's responsibilities as charged by Congress.").

In keeping with that ruling, the Sixth Circuit has upheld determinations by the BOP that a federal prisoner is ineligible to earn sentencing credits under the FSA when his or her aggregate sentence includes a sentence for a firearm conviction under 18 U.S.C. § 924(c) that was ordered to be served consecutively to another sentence. *See Oiler v. LeMaster*, No. 24-5033, 2025 WL 1864875, at *1 (6th Cir. Jan. 10, 2025) (citing *Keeling*, rejecting federal prisoner's claim that FSA's provision for earning time credits cannot be considered "administrative" due to its mandatory language, and affirming district court's dismissal of habeas petition); *Keeling*, 2023 WL 9061914, at *1 (affirming district court's summary dismissal).

District courts within the Sixth Circuit have followed suit and denied habeas petitions brought by federal prisoners challenging the BOP's aggregation of their consecutive federal sentences and denial of FSA eligibility based upon a disqualifying conviction. *See e.g.*, *Erdmann v. Rardin*, No. 25-cv-13081, 2025 WL 3229303, *2 (E.D. Mich. Nov. 19, 2025) (summarily dismissing habeas petition); *Jackson v. Entzel*, No. CV 25-9-DLB, 2025 WL 414797, *1 (E.D. Ky. Jan. 30, 2025) (same); *Brewer v. Harrison*, No. 2:24-cv-2305-SHL-ATC, 2024 WL 4859101, at *2 (W.D. Tenn. Nov. 21, 2024) (ruling that BOP properly found that prisoner's firearm conviction disqualified him from receiving FSA credits for his aggregated

sentences), *recon. denied*, No. 2:24-cv-2305-SHL-ATC, 2025 WL 367398 (W.D. Tenn. Jan. 29, 2025), *app. dismissed*, No. 25-5124, 2025 WL 1432276 (6th Cir. Apr. 10, 2025); *Hargrove v. Healy*, No. 4:23-cv-1857, 2024 WL 3992261, at *5 (N.D. Ohio Aug. 28, 2024) (granting government's motion to dismiss habeas petition), *app. dismissed*, 155 F.4th 530 (6th Cir. 2025); *Andrews*, 2024 WL 3236249, at *3 (ruling that the BOP properly aggregated prisoner's 2005 and 2017 consecutive sentences in determining that he was ineligible to earn FSA sentencing credits and summarily dismissing petition); *see also Cortez v. Hemingway*, No. 2:22-cv-12234, 2023 WL 4274957, *2 (E.D. Mich. June 29, 2023) (pre-dating *Keeling* and summarily dismissing § 2241 petition).

Given such authority, Petitioner cannot prevail.  He fails to show that the BOP erred, or acted unconstitutionally, by aggregating his consecutive federal sentences and determining that he is ineligible to receive FSA sentencing credits due to his disqualifying firearm conviction.   Habeas relief is therefore not warranted.

### III.

For these reasons, the Court concludes that Petitioner is not entitled to federal habeas relief.   Accordingly, the Court **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus.   A certificate of appealability is not needed to appeal the dismissal of habeas petition filed pursuant to 28 U.S.C. § 2241.   *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004).   Consequently, Petitioner need

not request one from this Court or the Sixth Circuit should he seek to appeal this decision.

*This is a final order that closes this case.*

**IT IS SO ORDERED.**

Dated:  April 29, 2026                    s/Brandy R. McMillion
          Detroit, Michigan              HON. BRANDY R. MCMILLION
                                          United States District Judge